# EXHIBIT A

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

JAMES R. MAZURKIEWICZ
467 Bullis Road
West Seneca, NY 14224

                    Plaintiff,

        -vs-                                    **Summons**   814 711 /2019

TIMOTHY B. HOWARD,
Erie County Sheriff
10 Delaware Avenue
Buffalo, NY 14202

THOMAS DIINA, as Superintendent
of the Jail Management Division
Erie County Sheriff's Department
40 Delaware Ave
Buffalo, NY 14202

DEPARTMENT OF SHERIFF OF ERIE COUNTY
10 Delaware Avenue
Buffalo, NY 14202

COUNTY OF ERIE
Erie County Hall
95 Franklin Street
Buffalo, NY 14202

ERIE COUNTY HOLDING CENTER
40 Delaware Avenue
Buffalo, NY 14202

MAXIM HEALTHCARE SERVICES, INC.
Individually and doing business as
MAXIM STAFFING SOLUTIONS
7227 Lee DeForest Drive
Columbia, MD 21046

MAXIM HEALTHCARE SERVICES, INC.
Individually and doing business as
MAXIM PHYSICIAN RESOURCES
7227 Lee DeForest Drive
Columbia, MD 21046

*This paper received at the
Erie County Attorney's Office
from Rocco Lendamo
the 15 day of Nov, 20 19
at 2:56 a.m./p.m.
Kelly Brinkworth
Assistant County Attorney*

JOHN DOES 1-10, said names being
fictitious, but intended to be the
individuals/officers involved in the
within incident

                        Defendants.

_____

**TO THE ABOVE-NAMED DEFENDANTS:**

        **YOU ARE HEREBY SUMMONED AND REQUIRED** to serve upon the

plaintiff's attorneys, at the address stated below, a written Answer to the attached Complaint.

        If this Summons is served upon you within the State of New York by personal

service you must respond within TWENTY (20) days after service, not counting the day of

service. If this Summons is not personally delivered to you within the State of New York you

must respond within THIRTY (30) days after service is completed, as provided by law.

        If you do not respond to the attached Complaint within the applicable time

limitation stated above a Judgment will be entered against you, by default, for the relief

demanded in the Complaint, without further notice to you.

        Plaintiff designates Erie County as the place of trial. The basis of venue is

plaintiff's residence.

DATED:      November 5, 2019
             Hamburg, New York

                     SHAW & SHAW, P.C.

                     Blake Zaccagnino
                     Attorneys for Plaintiff
                     4819 South Park Avenue
                     Hamburg, New York 14075
                     (716) 648-3020 Telephone
                     (716) 648-3730 Fax

STATE OF NEW YORK
SUPREME COURT : COUNTY OF ERIE

------------------------------------------------

JAMES R. MAZURKIEWICZ
467 Bullis Road
West Seneca, NY 14224

                    Plaintiff,

          -vs-                                    **Complaint**

TIMOTHY B. HOWARD,
Erie County Sheriff
10 Delaware Avenue
Buffalo, NY 14202

THOMAS DIINA, as Superintendent
of the Jail Management Division
Erie County Sheriff's Department
40 Delaware Ave
Buffalo, NY 14202

DEPARTMENT OF SHERIFF OF ERIE COUNTY
10 Delaware Avenue
Buffalo, NY 14202

COUNTY OF ERIE
Erie County Hall
95 Franklin Street
Buffalo, NY 14202

ERIE COUNTY HOLDING CENTER
40 Delaware Avenue
Buffalo, NY 14202

MAXIM HEALTHCARE SERVICES, INC.
Individually and doing business as
MAXIM STAFFING SOLUTIONS
7227 Lee DeForest Drive
Columbia, MD 21046

MAXIM HEALTHCARE SERVICES, INC.
Individually and doing business as
MAXIM PHYSICIAN RESOURCES
7227 Lee DeForest Drive
Columbia, MD 21046

JOHN DOES 1-10, said names being
fictitious, but intended to be the
individuals/officers involved in the
within incident

        Defendants.

    Plaintiff, by his undersigned counsel, alleges, upon personal knowledge, and upon information and belief as to all other matters, as follows:

     1.   This is an action to redress the deprivation by the defendants of the rights secured to plaintiff by the United States Constitution, New York State Constitution, and federal and state statute.

     2.   On April 29, 2019 through April 30, 2019, the plaintiff was in the custody and control and under the supervision of above named defendants and housed in the ERIE COUNTY HOLDING CENTER, located at 40 Delaware Avenue, Buffalo, New York 14202.

### THE PARTIES

     3.   By virtue of the application of one or more of the exemptions listed in Section 1602 of Article 16 of the CPLR, the limitations and liability imposed by that Article do not apply to the cause or causes of action set forth herein.

     4.   Plaintiff at all times hereinafter mentioned, was and continues to be, a resident of the Town of West Seneca, County of Erie, and the State of New York.

     5.   Upon information and belief, and at all times hereinafter mentioned, the defendant COUNTY OF ERIE was and continues to be a duly organized municipal corporation authorized and existing under and by virtue of the laws of the State of New York, with offices for the transaction of business in Erie County, and, as such, is subjected and empowered to sue and be sued in the Supreme Court of the State of New York.

6.      Upon information and belief, and at all times hereinafter mentioned, defendant DEPARTMENT OF SHERIFF OF ERIE COUNTY was and still is a police agency formed and existing under the laws of the State of New York, and is a division and/or department and/or subsidiary of the Defendant COUNTY OF ERIE, a municipal corporation authorized and existing under and by virtue of the laws of the State of New York, with offices for the transaction of business in Erie County, New York, and was and continues to be a governmental subdivision of defendant COUNTY OF ERIE.

7.      Upon information and belief, and at all times hereinafter mentioned, defendant TIMOTHY B. HOWARD was and is a resident of the County of Erie, State of New York, and was and continues to be an employee of defendants COUNTY OF ERIE and DEPARTMENT OF SHERIFF OF ERIE COUNTY.

8.      Upon information and belief, and at all times hereinafter mentioned, defendant THOMAS DIINA was and is a resident of the County of Erie, State of New York, and was and continues to be an employee of defendants COUNTY OF ERIE and DEPARTMENT OF SHERIFF OF ERIE COUNTY.

9.      Upon information and belief, and at all times hereinafter mentioned, defendant JOHN DOES 1-10, said names being fictitious, but intended to be the individuals/officers involved in every aspect of the within incident were and are residents of the County of Erie, State of New York, and  continue to be  employees of defendants COUNTY OF ERIE and DEPARTMENT OF SHERIFF OF ERIE COUNTY.

10. Upon information and belief, the Defendant ERIE COUNTY HOLDING CENTER is a division and/or department and/or subsidiary of defendant DEPARTMENT OF SHERIFF OF ERIE COUNTY and is under the custody and control of the COUNTY OF ERIE and TIMOTHY B. HOWARD, Erie County Sheriff.

11. That upon information and belief, and at all times hereinafter mentioned, defendants MAXIM HEALTHCARE SERVICES, INC. were and are foreign business corporations authorized and existing under and by virtue of the laws of Maryland, and authorized to conduct business in New York State, and do so under the trade name Maxim Staffing Solutions and/or Maxim Physician Resources.

## CONDITIONS PRECEDENT

12. That on May 17, 2019, the plaintiff caused defendants COUNTY OF ERIE, OFFICE OF THE ERIE COUNTY SHERIFF, JOHN DOES 1-10, said names being fictitious but intended to be the individuals/officers involved in every aspect of the within incident, THOMAS DIINA, and TIMOTHY B. HOWARD, Sheriff of the Erie County Sheriff's Department, to be personally served with a Notice of Claim pursuant to the Laws of the State of New York relating to the allegations of the Complaint herein.

13. The Notice of Claims were served on the above mentioned Defendants within 90 days after the accrual of the respective causes of action.

14. That more than 30 days have passed since the service of the Notice of Claim herein, the adjustment or payment of the claim has been neglected or refused, and the defendants have failed, declined, or otherwise refused to pay the claim herein.

15. That on October 7, 2019, plaintiff submitted to an oral examination by the defendants COUNTY OF ERIE, DEPARTMENT OF SHERIFF OF ERIE COUNTY, TIMOTHY B. HOWARD, THOMAS DIINA and JOHN DOES 1-10 pursuant to Section 50-e of the General Municipal Law.

16. That the plaintiff has otherwise exhausted any and all administrative remedies relating to the action herein.

17. This action has been commenced within 1 year and 90 days after the causes of action herein accrued.

18. At the time and place aforesaid, the defendants were in the course of their employment.

    **A.    AS AND FOR A SEPARATE AND DISTINCT CAUSES OF ACTION AGAINST DEFENDANTS, COUNTY OF ERIE, DEPARTMENT OF SHERIFF, HOWARD, DIINA, HOLDING CENTER, AND JOHN DOES, PLAINTIFF ALLEGES UPON INFORMATION AND BELIEF:**

    **1.    NEGLIGENCE:**

19. Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

20. That on or about April 23, 2019, the plaintiff was arrested in the Town of West Seneca and charged with various violations of the Penal Law of the State of New York.

21. He was thereafter remanded to the custody, control and supervision of all the defendants to await trial on the above charges.

22.     That the plaintiff was thereafter housed for custody at the ERIE COUNTY HOLDING CENTER, which facility is under the care, custody and control of defendants.

23.     That upon information and belief, the plaintiff, while under the care, custody, and control of defendants, was assaulted by the defendant JOHN DOES 1-10, individuals/officers involved in the within incident, who used excessive force, causing the plaintiff to be exposed to conditions or practices not reasonably related to the legitimate governmental objectives of safety, order, and security, and as a result, he did sustain serious personal injuries while incarcerated at the ERIE COUNTY HOLDING CENTER.

24.     That as a result of the aforesaid conduct, plaintiff suffered severe and permanent injuries, has and will continue to incur medical and hospital expenses related to his care, treatment and attempted cure of said injuries and residual effects thereof, has been and may be further subjected to the impairment of his earnings, future earnings and/or future earning capacity as a result of the injuries sustained.

25.     That upon information and belief, the incident herein described and the resultant injuries and damages sustained were caused as a result of the negligence, carelessness, reckless and/or unlawful conduct on the part of the agents, servants and/or employees of all of the defendants herein, more particularly:

(a)     in failing to appropriately supervise and observe the plaintiff while he was incarcerated;

(b)     in failing and omitting to ensure the plaintiff was provided and supplied with the necessary supervision and facilities for the prevention of the plaintiff's injuries, particularly when the defendants had actual and constructive knowledge and information regarding the plaintiff's risk for injury;

(c)     In failing to properly screen and evaluate the plaintiff for the risk of personal injury;

(d)    negligently, carelessly and failing and admitting to train employees, including, but not limited to the screening of inmates for risk of injury;

(e)    causing, allowing and permitting untrained employees, but not limited to its supporting staff to screen inmates for risk of injury;

(f)    negligently, carelessly and recklessly failing and omitting to provide persons such as the plaintiff with any notice or warning of the lack of knowledge of the staff of the defendants;

(g)    causing, allowing and permitting untrained personnel to the needs of the inmates;

(h)    negligently, carelessly and recklessly supervising its employees performance of their duties;

(i)    failing and omitting to ensure the plaintiff was provided and supplied with the necessary medical attention;

(j)    failing and omitting to have adequate and comprehensive policies, procedures and/or guidelines established and in place to prevent the lack of acceptable medical care to inmates;

(k)    failing to follow those policies, procedures and/or guidelines already in place at the time of the occurrence herein; and

(l)    that the defendants were otherwise negligent, careless and reckless.

26.    That defendants affirmatively created the dangerous and defective condition described herein, that included but is not limited to, placing the defendant JOHN DOES 1-10, individuals/officers involved in the within incident, in a position to cause foreseeable harm to the plaintiff (to be assaulted), that the plaintiff would have been spared had they used reasonable care in making their decision regarding the hiring and retention of the aforementioned defendant JOHN DOES 1-10.

27.    That the defendants herein had actual and constructive knowledge of the defective condition described in paragraph 26.

28.     That the defendants had subjective and objective knowledge of the defendant JOHN DOES 1-10, individuals/officers and/inmates involved in the within incident, propensity for conduct that caused the plaintiff's injuries, and that deficient training and supervision was the proximate cause of the plaintiff's injuries.

29.     That the conduct of all of the defendants herein amounted to more than mere negligence, and instead, amounted to deliberate indifference to the plaintiff's safety.

30.     That the defendants provided grossly inadequate care and, in fact, took no measures to provide for plaintiff's safety for an unreasonable and inordinate period of time.

31.     That the negligence of the defendants, and his resultant injuries, produced physical injury to the plaintiff.

32.     That as a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

**2.      VIOLATION OF FEDERAL CIVIL RIGHTS MUNICIPAL LIABILITY: 42 U.S.C. § 1983**

33.     Plaintiff repeats and restates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

34.     At all times hereinafter mentioned, the defendant JOHN DOES 1-10 were on duty as corrections officers employed by defendants COUNTY OF ERIE, DEPARTMENT OF SHERIFF OF ERIE COUNTY, TIMOTHY B. HOWARD and THOMAS DIINA.

35.     That said defendants were acting under the color of state law, and their conduct did cause the deprivation of plaintiff's Constitutional rights by failing to provide an

environment free from harm; that included but was not limited to, seizing, beating, and assaulting the plaintiff.

36.    That upon information and belief, prior to the incident described herein, the defendants had notice of  the defendant JOHN DOES 1-10, individuals/officers involved in the within incident,  pattern and practice of using unconstitutionally excessive force and assaults against other inmates and members of the public while in their capacity as correctional staff.

37.    That upon information and belief, prior to the incident described herein, the defendants had received complaints and service of prior lawsuits that the defendant JOHN DOES 1-10, individuals/officers, involved in the within incidents engaged in a pattern and practice of using unconstitutionally excessive force assaulting inmates and members of the general public in the course of their duties as correctional staff.

38.    That upon information and belief, and at all times hereinafter mentioned, it was the policy and custom of the defendants to fail to adequately train and supervise its employees relating to the use of force.

39.    That upon information and belief, and at all times hereinafter mentioned, it was the policy and custom of the defendants to overlook, excuse, and disregard unprovoked acts of violence by its employees in the course of their duties as correctional staff.

40.    That upon information and belief, and at all times hereinafter mentioned, it was the policy and custom of the defendants to tolerate the indiscriminate use of excessive force against inmates without reference to a reasonable use-of-force continuum and without consideration of recourse to less deadly uses force.

41.    That upon information and belief, and at all times hereinafter mentioned, it was the policy and custom of the defendants to tolerate and encourage the use of excessive force and

assault in dealing with inmates in the course of their duties as correctional staff.

42.     The defendants' policies, customs, and practices of overlooking and approving excessive uses of force in general were the proximate causes of the violation of the plaintiff's rights herein pursuant to the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in addition to 42 U.S.C. Section 1983.

43.     Upon information and belief, overlooking, excusing, or disregarding the wrongful conduct of the defendants herein, have adopted a rule or unwritten rule, or defendants have established a policy or custom of deliberate indifference to unlawful conduct as complained of herein.

44.     The defendants' failure to take measures to train and supervise its correctional staff in the use of force, and to curb assaults on inmates was a proximate cause of the violations alleged in the complaint herein.

45.     The defendants breached their duties to provide humane conditions of confinement; the excessive force used by the defendants constituted cruel and unusual punishment; the amount of force used was not applied in a good faith effort to maintain or restore discipline and was maliciously and sadistically applied to cause harm to the plaintiff; in applying excessive force, the defendants subjectively knew that the plaintiff faced a substantial risk of harm and they recklessly disregarded that risk; that the deprivation was objectively sufficiently serious as to be actionable; the defendants had knowledge that the plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take reasonable measures to abate the harm; the defendants acted with deliberate indifference to the plaintiff's health and safety; including but not limited to, the defendants failed to address the plaintiff's medical needs.

46.     That all enumerated defendants were acting under color and authority of the Law, and were acting in a capacity as agents, servants and employees of defendants.

47.     That the entire course of conduct of defendants as enumerated above was in violation and deprived the plaintiff of his federally secured Constitutional rights and the rights contours were sufficiently definite that any reasonable official in the defendants shoes would have understood that they violated it.

48.     That as a result of the foregoing, the plaintiff has sustained general and special damages in an amount that exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

49.     That the plaintiff is entitled to an award of attorneys fees for the prosecution of the within action.

### 3.     RESPONDEAT SUPERIOR/VICARIOUS LIABILITY

50.     Plaintiff repeats and restates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

51.     That on or about April 29, 2019  through April 30, 2019 the defendants COUNTY OF ERIE, THOMAS DIINA, SHERIFF, and TIMOTHY B. HOWARD, were responsible for the training, supervision, and actions of the defendants JOHN DOES 1-10.

52.     On or about April 29, 2019 through April 30, 2019 the defendants JOHN DOES 1-10 were acting within the scope of their employment with the defendants COUNTY OF ERIE, THOMAS DIINA, SHERIFF, and  TIMOTHY B. HOWARD.

53.     That said tortuous conduct and blatant disregard for the safety of the plaintiff, committed by the defendants JOHN DOES 1-10 on the aforesaid date was ratified by the defendants COUNTY OF ERIE, THOMAS DIINA, SHERIFF, and  TIMOTHY B. HOWARD, and was in

RECEIVED NYSCEF: 11/06/2019

furtherance of purposes and aims of the defendants COUNTY OF ERIE, THOMAS DIINA,

SHERIFF, and TIMOTHY B. HOWARD.

54.     That the defendants COUNTY OF ERIE, THOMAS DIINA, DEPARTMENT

OF SHERIFF OF ERIE COUNTY were willful, wanton, reckless and negligent in employing

defendants JOHN DOES 1-10.

55.     That by reason of the foregoing, plaintiff suffered severe, painful, permanent

and personal injuries; was rendered sick, sore lame and disabled, and has suffered a loss of

enjoyment and quality of life.

### 4.     NEGLIGENT HIRING:

56.     Plaintiff repeats and restates the allegations contained in the foregoing

paragraphs of this Complaint as if the same were more fully set forth herein.

57.     That on or about April 29, 2019 through April 30, 2019 the defendants

JOHN DOES 1-10 were employees, contractors, and agents of defendants COUNTY OF ERIE,

THOMAS DIINA, and DEPARTMENT OF SHERIFF OF ERIE COUNTY, and TIMOTHY B.

HOWARD.

58.     That the defendants COUNTY OF ERIE, THOMAS DIINA,

DEPARTMENT OF SHERIFF OF ERIE COUNTY and TIMOTHY B. HOWARD, owed a duty to

the plaintiff to ensure the competence of their employees including the defendants JOHN DOES 1-

10, and by using reasonable care in selecting and hiring its employees such as the defendants JOHN

DOES 1-10; they had a further duty of care to investigate the background of its employees, and

review their backgrounds, competency, temperament, and propensity for violence, especially in light

of the particular risk or hazard that the breach of that duty imposed to the public and on inmates.

59.     That the incompetency, temperament, and propensity for violence of the

defendants JOHN DOES 1-10 was known or should have been known to the defendants at the time

of their hiring.

60.     That defendants COUNTY OF ERIE, THOMAS DIINA,

DEPARTMENT OF SHERIFF OF ERIE COUNTY and TIMOTHY B. HOWARD, failed to take

reasonable steps to ascertain whether or not the defendants JOHN DOES 1-10 were emotionally

capable of performing such duties and did not have a propensity towards violence, or overreaction

to situations that they were likely to encounter or administer, or well known standardized tests to

ascertain the defendants' JOHN DOES 1-10 personalities.

61.     That the failure of defendants COUNTY OF ERIE, THOMAS DIINA,

DEPARTMENT OF SHERIFF OF ERIE COUNTY and TIMOTHY B. HOWARD, to investigate

the negligent hiring and retention and supervision of the defendants JOHN DOES 1-10 and other

employees placed them in a position to commit foreseeable harm and was the proximate cause of

the tortuous acts committed upon plaintiff and the damaged suffered by the plaintiff on account of

such acts; they breached their duty to use reasonable care in employment, training and supervision

of its employees to find out whether they were competent to do their work without danger of harm

to others; they failed in their duty because they knew or should have known that their employees,

defendants JOHN DOES 1-10, were incompetent and/or had vicious propensities; a bad disposition;

and/or were given to horseplay; and they failed to use reasonable care to correct or remove them; and

they failed in that duty because they knew of facts that would lead a reasonably prudent person to

conduct an investigation which could have uncovered the information about the employee and failed

to do so; they placed the defendant JOHN DOES 1-10 in a position to cause the foreseeable harm

to the plaintiff that would most probably would have been spared had they use reasonable care in

making its decision regarding the hiring and retention of them.

62.    That by reason of the foregoing, the plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment of quality of life.

## 5.    NEGLIGENT RETENTION:

63.    Plaintiff repeats and restates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

64.    That on or about April 29, 2019 through April 30, 2019 the defendants JOHN DOES 1-10 were employees, contractors, and agents of defendants COUNTY OF ERIE, THOMAS DIINA, DEPARTMENT OF SHERIFF OF ERIE COUNTY, and TIMOTHY B. HOWARD.

65.    That the defendants COUNTY OF ERIE, THOMAS DIINA, DEPARTMENT OF SHERIFF OF ERIE COUNTY and TIMOTHY B. HOWARD, owed a duty to the plaintiff to ensure the competence of their employees including the defendants JOHN DOES 1-10, and by using reasonable care in selecting and hiring its employees such as the defendants JOHN DOES 1-10; they had a further duty of care to investigate the background of its employees, and review their backgrounds, competency, temperament, and propensity for violence, especially in light of the particular risk or hazard that the breach of that duty imposed to the public and on inmates.

66.    That the incompetency, temperament, and propensity for violence of of the defendants JOHN DOES 1-10 was known or should have been known to the defendants at the time of their hiring, training, retention, and supervision.

67.     That the failure of defendants COUNTY OF ERIE, THOMAS DIINA, DEPARTMENT OF SHERIFF OF ERIE COUNTY and TIMOTHY B. HOWARD,  to investigate the negligent hiring and retention  and supervision of the defendants  JOHN DOES 1-10 and other employees placed them in a position to commit foreseeable harm and was the proximate cause of the tortuous acts committed upon plaintiff and the damaged suffered by the plaintiff on account of such acts; they breached their duty to use reasonable care to in employment, training and supervision of its employees to find out whether they were competent to do their work without danger of harm to others; they failed in their duty because they knew or should have known that their employees were incompetent and/or had vicious propensities; a bad disposition; and/or were given to horseplay; and they failed to use reasonable care to correct or remove them; and they failed in that duty because they knew of facts that would lead a reasonably prudent person to conduct an investigation which could have uncovered the information about the employee and failed to do so; they placed the defendant JOHN DOES 1-10 in a position to cause the foreseeable harm to the plaintiff that would most probably would have been spared had they use reasonable care in making its decision regarding the hiring and retention of them.

68.     That when the incompetency, temperament and propensity for violence of the defendant JOHN DOES 1-10 was known or should have been known to the defendants COUNTY OF ERIE, THOMAS DIINA, SHERIFF, herein, they continued to be employed by them.

69.     That by reason of the foregoing, the plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment of quality of life.

## 6.    NEGLIGENT TRAINING AND SUPERVISION:

70.    Plaintiff repeats and restates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

71.    That on or about April 29, 2019 through April 30, 2019 the defendants JOHN DOES 1-10 were employees, contractors, and agents of defendants COUNTY OF ERIE, THOMAS DIINA, DEPARTMENT OF SHERIFF OF ERIE COUNTY, and TIMOTHY B. HOWARD.

72.    That the defendants COUNTY OF ERIE, THOMAS DIINA, DEPARTMENT OF SHERIFF OF ERIE COUNTY and TIMOTHY B. HOWARD, owed a duty to the plaintiff to ensure the competence of their employees including the defendants JOHN DOES 1-10, and by using reasonable care in selecting and hiring its employees such as the defendants JOHN DOES 1-10; they had a further duty of care to investigate the background of its employees, and review their backgrounds, competency, temperament, and propensity for violence, especially in light of the particular risk or hazard that the breach of that duty imposed to the public and on inmates.

73.    That when the incompetency, temperament and propensity for violence of the defendant JOHN DOES 1-10 was known or should have been known to the defendants COUNTY OF ERIE, THOMAS DIINA, DEPARTMENT OF SHERIFF OF ERIE COUNTY and TIMOTHY B. HOWARD herein at the time of their hiring.

74.    That defendants COUNTY OF ERIE, THOMAS DIINA, DEPARTMENT OF SHERIFF OF ERIE COUNTY and TIMOTHY B. HOWARD failed to take reasonable steps to ascertain whether or not the defendants JOHN DOES 1-10 were emotionally capable of performing such duties and did not have a propensity towards violence, or overreaction to situations that they were likely to encounter or administer, or well known standardized tests to ascertain the defendants

JOHN DOES 1-10 personalities.

75.    That the failure of defendants COUNTY OF ERIE, THOMAS DIINA,

DEPARTMENT OF SHERIFF OF ERIE COUNTY and TIMOTHY B. HOWARD, to investigate

the negligent training and supervision of the defendants JOHN DOES 1-10 and other employees

placed them in a position to commit foreseeable harm and was the proximate cause of the tortuous

acts committed upon plaintiff and the damages suffered by the plaintiff on account of such acts.

76.    That by reason of the foregoing, the plaintiff suffered severe, painful,

permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of

enjoyment of quality of life.

### 7.    ASSAULT:

77.    Plaintiff repeats and restates the allegations contained in the foregoing

paragraphs of this Complaint as if the same were more fully set forth herein.

78.    On April 29, 2019 through April 30, 2019, the plaintiff was in the custody and

control and under the supervision of above named Defendants and housed in the ERIE COUNTY

HOLDING CENTER, located at 40 Delaware Avenue, Buffalo, New York 14202.

79.    That the defendant JOHN DOES 1-10 wholely employed and acting in their official

capacity, intentionally made physical contact with the plaintiff, beating him, and causing serious

injuries and damages.

80.    That by the conduct described above, the defendant JOHN DOES 1-10 intended to

cause the plaintiff apprehension that harmful, injurious and offensive bodily contact would occur.

81.    That the conduct aforementioned did in fact cause the plaintiff apprehension that

harmful, injurious, and offensive bodily contact would occur.

82.     That the defendant JOHN DOES 1-10, while acting in the scope of their authority as employees of the COUNTY OF ERIE, THOMAS DIINA, DEPARTMENT OF SHERIFF OF ERIE COUNTY and TIMOTHY B. HOWARD defendants, through their training, experience, and possession of dangerous weapons, did in fact have such capability to cause the harmful, injurious, and offensive bodily contact to the plaintiff herein.

83.     That the conduct of the defendant JOHN DOES 1-10 was without just cause or provocation, and the plaintiff did not consent to such conduct. The defendant JOHN DOES 1-10 intentionally caused the plaintiff to become concerned that they were about to cause harmful or offensive bodily contact; they had a real and apparent ability to bring about the harmful and offensive contact; and the defendants not only made offensive contact with the plaintiff, but performed a menacing act or gesture that caused the plaintiff to believe that a harmful or offensive imminent bodily contact was about to occur before it did.

84.     That by reason of the foregoing, the plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment of quality of life.

## 8.     BATTERY:

85.     Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

86.     On April 29, 2019  through April 30, 2019, the plaintiff was in the custody and control and under the supervision of above named Defendants and housed in the ERIE COUNTY HOLDING CENTER, located at 10 Delaware Avenue, Buffalo, New York 14202.

FILED: ERIE Case 1:19-cv-01584-LJV Document 1-1 Filed 11/22/19 Page 22 of 30.

NYSCEF DOC. NO. 1

RECEIVED NYSCEF: 11/06/2019

87.     That the defendant JOHN DOES 1-10 while employed and acting in their official capacity, intentionally made physical contact with the plaintiff, beating him, and causing serious injuries and damages.

88.     The defendant JOHN DOES 1-10 intended to subject the plaintiff to harmful, injurious, and offensive bodily contact.

89.     They did, in fact, subject the plaintiff to harmful, injurious, and offensive bodily contact.

90.     That the physical contact perpetrated by the defendant JOHN DOES 1-10 was without just cause, without provocation, and the plaintiff did not consent to such physical contact. The force used against the plaintiff was grossly excessive and patently unreasonable under the circumstances.

91.     The defendant JOHN DOES 1-10 intentionally touched the plaintiff, without his consent, and caused offensive bodily contact; their intention in causing bodily contact to the plaintiff is one that a reasonable person would find offensive; the contact was one that was done for the purpose of harming the plaintiff and offended his reasonable sense of personal dignity and was one that was otherwise wrongful; the contact also caused physical pain and illness and interfered with the condition of his body.

92.     That by reason of the foregoing, the plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment of quality of life.

**8.**    <u>BATTERY COMMITTED IN THE PERFORMANCE OF A PUBLIC DUTY:</u>

93.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

94.    On April 29, 2019 through April 30, 2019, the plaintiff was in the custody and control and under the supervision of above named Defendants and housed in the ERIE COUNTY HOLDING CENTER, located at 40 Delaware Avenue, Buffalo, New York 14202.

95.    That the defendant JOHN DOES 1-10 while employed and acting in their official capacity, intentionally made physical contact with the plaintiff, beating him, and causing serious injuries and damages.

96.    The defendant JOHN DOES 1-10 intended to subject the plaintiff to harmful, injurious, and offensive bodily contact.

97.    They did, in fact, subject the plaintiff to harmful, injurious, and offensive bodily contact.

98.    That the physical contact perpetrated by the defendant JOHN DOES 1-10 was without just cause, without provocation, and the plaintiff did not consent to such physical contact. The force used against the plaintiff was grossly excessive and patently unreasonable under the circumstances.

99.    The defendant JOHN DOES 1-10 intentionally touched the plaintiff, without his consent, and caused offensive bodily contact; their intention in causing bodily contact to the plaintiff is one that a reasonable person would find offensive; the contact was one that was done for the purpose of harming the plaintiff and offended his reasonable sense of personal dignity and was one that was otherwise wrongful; the contact also caused physical pain and illness and interfered with the condition of his body.

100.    That by reason of the foregoing, the plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment of quality of life.

101.    That given the defendant JOHN DOES 1-10 were acting in their official capacities, and performing duties related thereto, they are additionally liable for battery committed in his performance of a public duty.

### 9. INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

102.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

103.    On April 29, 2019  through April 30, 2019, the plaintiff was in the custody and control and under the supervision of above named Defendants and housed in the ERIE COUNTY HOLDING CENTER, located at 40  Delaware Avenue, Buffalo, New York 14202.

104.    Thereafter,  the defendant JOHN DOES 1-10 while employed and acting in their official capacity, intentionally made physical contact with the plaintiff, beating him, and causing serious injuries and damages.

105.    That the aforementioned conduct of defendants was so shocking, extreme and outrageous that it exceeds all reasonable bounds of decency.  That there was no justification or reason for the aforementioned conduct of defendants.

106.    That by their conduct and under circumstances known to them, defendants intended to cause such severe emotional distress, and such conduct made it substantially certain that such distress would follow.

107.    That by his conduct, and under circumstances known to them, defendants acted recklessly and with utter disregard to the consequences of their actions; their conduct was extreme

and outrageous; their intention was to cause and disregard of a substantially possibility of causing severe, emotional distress.

108.    That the aforementioned conduct of defendants directly and proximately caused the plaintiff's severe emotional injury and distress. There is a direct causal connection between the conduct and the plaintiff's injuries.

## 10.    NEGLIGENT INFLICTION OF EMOTIONAL DISTRESS

109.    Plaintiff repeats and realleges the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

110.    On April 29, 2019  through April 30, 2019, the plaintiff was in the custody and control and under the supervision of above named Defendants and housed in the ERIE COUNTY HOLDING CENTER, located at 40 Delaware Avenue, Buffalo, New York 14202.

111.    That the defendant JOHN DOES 1-10 while employed and acting in their official capacity, intentionally made physical contact with the plaintiff, beating him, and causing serious injuries and damages.

112.    That by reason of the aforesaid conduct and actions of defendants, plaintiff feared for his personal safety.

113.    That plaintiff did not consent to the commission of the aforesaid conduct by the defendants.

114.    That the conduct of the defendants was not otherwise just, authorized, or privileged..

115.    That the aforementioned conduct of defendants was so shocking, extreme and outrageous that it exceeds all reasonable bounds of decency.

116.    That the aforementioned conduct of defendants directly and proximately caused the plaintiff severe emotional injury and distress.

## **10.    FAILURE TO INTERVENE:**

117.    Plaintiff repeats and reiterates the allegations contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

118.    On April 29, 2019 through April 30, 2019, the plaintiff was in the custody and control and under the supervision of above named Defendants and housed in the ERIE COUNTY HOLDING CENTER, located at 40 Delaware Avenue, Buffalo, New York 14202.

119.    That the defendant JOHN DOES 1-10 while employed and acting in their official capacity, intentionally made physical contact with the plaintiff, beating him, and causing serious injuries and damages.

120.    That while the defendant JOHN DOES 1-10 were assaulting and battering the plaintiff, at the same time, other JOHN DOES 1-10 defendants were within a few feet of the assault sufficient to constitute direct contact between plaintiff and defendants.

121.    That by their conduct, these defendants assumed a duty to protect plaintiff from the striking, battering and assault by the defendants.

122.    That said defendants knew plaintiff would suffer harm if they did not take timely action to protect him.

123.    That said defendants did not take any steps to protect the plaintiff from the assault, in fact such individuals stood idly by and watched as plaintiff was repeatedly struck.

124.    That plaintiff reasonably relied upon the officers assumption of duty that they would protect him from an assault by defendant. The defendants failed to fulfil their affirmative duty to intercede on behalf of the plaintiff when they witnessed other officers maliciously beating him.

125.    That by reason of the foregoing, plaintiff suffered severe, painful, permanent, and personal injuries; was rendered sick, sore, lame and disabled, and suffered loss of enjoyment and quality of life.

**B.    AS AND FOR A SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST DEFENDANTS COUNTY OF ERIE, DEPARTMENT OF SHERIFF, HOWARD, DIINA, HOLDING CENTER, AND JOHN DOES AND MAXIM, PLAINTIFF ALLEGES:**

### 1.    FAILURE TO TREAT:

126.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

127.    That upon information and belief, at all times hereinafter mentioned, defendants hired employees, agents, servants and contractors that held themselves out as duly qualified to render proper and adequate medical treatment and services, including providing physical examinations and medical care to those persons under the care and custody of the defendants, including plaintiff.

128.    That upon information and belief, at all times hereinafter mentioned, defendants, through their employees, agents, servants and contractors, failed to render medical evaluation and attention to the plaintiff.

129.    That upon information and belief, from April 29, 2019 through April 30, 2019 up to and including the present time, defendants, through their employees, agents, servants and contractors, failed to provide adequate and essential medical evaluation and care and treatment to the plaintiff; they failed to address the plaintiff's serious medical and mental health needs; they acted

with deliberate indifference to the plaintiff because he was in need of medical care and they failed, or refused to, obtain such care; they failed to protect him from health problems that were sufficiently imminent and sure or very likely to cause him serious illness and needless suffering.

130.    That by reason of the carelessness, negligence and recklessness and medical malpractice of the defendants through their employees, agents, servants and contractors, in the medical care and treatment and services rendered to and for plaintiff, plaintiff was caused to suffer severe and great bodily injury with accompanying pain and suffering and sustained bodily and emotional injuries of a permanent nature.

131.    That the policies and procedures, and the willful and wanton conduct of defendants, their agents, servants and employees, reflect a reckless and careless disregard and deliberate indifference for the rights of the plaintiff to receive proper and adequate medical evaluation and attention so as to merit an award of damages against defendants.

132.    That the defendants' actions indicate a willful misconduct, wantonness and want of care which have raised the presumption of conscious indifference to the consequences to plaintiff, thus entitling plaintiff to an award of damages.

133.    That the amount of damages sought in this action exceeds the jurisdictional limits of all lower courts that would otherwise have jurisdiction.

C.    **AS AND FOR A SEPARATE AND DISTINCT CAUSE OF ACTION AGAINST THE ALL DEFENDANTS, PLAINTIFF ALLEGES:**

1.    **CONSPIRACY:**

134.    Plaintiff repeats and realleges each and every allegation contained in the foregoing paragraphs of this Complaint as if the same were more fully set forth herein.

FILED: ERIE COUNTY CLERK 11/06/2019 03:58 PM     Case 1:19-cv-01584-LJV  Document 1-1  Filed 11/22/19  Page 29 of 30     INDEX NO. 814711/2019

NYSCEF DOC. NO. 1                                                                      RECEIVED NYSCEF: 11/06/2019

135.    That defendants, together with their agents, servants and/or employees acted within their capacities and of their color of law, having conspired together and with others, reached a mutual understanding and acted to undertake a course of contact that violated the plaintiff's civil rights to wit:

      A.    The defendants agreed and acted with others to bear, threaten, use excessive force intimidate and terrorize the plaintiff; and;

      B.    The defendants agreed and acted with others to punch the plaintiff for exercising his constitutionally protected rights.

136.    As a direct and proximate cause of the result of the conspiracy between the defendants and others as aforesaid, plaintiff was deprived of his constitutional rights as outlined herein.

137.    Upon information and belief, the amount of damages sought by the plaintiff against the defendants in this action exceed the jurisdictional limits of all lower courts which would otherwise have jurisdiction, and the plaintiff seeks damages against the defendants in an amount to be proven and determined at the trial of this action.

## DEMAND FOR PUNITIVE DAMAGES

138.    The actions of the defendants herein were extreme and outrageous, and shock the conscience of a reasonable person. Consequently, an award of punitive damages is appropriate to punish the defendants for their deliberate indifference and malice towards the plaintiff and his rights as outlined above.

139.    As such,  plaintiff demands judgment against defendants in an amount to be determined at trial.

**WHEREFORE**, the plaintiff respectfully the following forms of relief:

A)    Compensatory and special damages against the defendants and each of them jointly and severally, in an amount to be determined at trial;

B)    Punitive Damages against all individual defendants in an amount to be determined by a properly instructed jury;

C)    Costs, disbursements, and attorneys' fees as stated above;

D)    Interest on the aforementioned judgments; and

E)    Such other and further relief that the Court deems just and proper.

Dated:          November 2, 2019
                Hamburg, New York

SHAW & SHAW P.C.

Blake Zaccagnino
Attorneys for Plaintiff
4819 South Park Avenue
Hamburg, New York  14075
(716) 648-3020 Telephone
(716) 648-3730 Fax